**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 00-60877

Summary Calendar

BESSIE GRAY,

Plaintiff-Appellant,

VERSUS

SHELL OIL COMPANY; ET AL,

Defendants

SHELL OIL COMPANY; MURPHY OIL USA INC; DENBURY MANAGEMENT INC;
ARKANSAS OIL COMPANY; S LAVON EVANS JR OPERATING CO, INC,

Defendants-Appellees.

Appeal from the United States District Court
For the Southern District of Mississippi, Hattiesburg

(2:96-CV-411-PG)

June 29, 2001

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Bessie Gray appeals the grant of summary judgment in favor of

the defendants, S. Lavon Evans, Jr. Operating Company, Inc.; Murphy

Oil USA, Inc.; Denbury Management, Inc.; Arkansas Oil Company; and

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Shell Oil Company.

In May 1994, Gray filed suit in a Mississippi state court ("Gray I"), alleging radioactive and other contamination of her property. The court granted summary judgment in favor of the defendants. In October 1996, Gray filed another suit ("Gray II"), which was removed to a federal court. In addition to some of the defendants from "Gray I," Gray also sued Shell Oil Company and added new sites of contamination, but alleged the same type of property damage. "Gray II" was removed to federal court. All claims were dismissed on summary judgment.

The grant of summary judgment is reviewed de novo, applying the same standard as the district court. Pratt v. City of Houston, Texas, 247 F.3d 601, 605-606 (5th Cir. 2001).

The Mississippi Supreme Court has declared:

> For the bar of *res judicata* to apply, four identities must be present: (1) identity of the subject matter of the action; (2) identity of the cause of action; (3) identity of the parties to the cause of action; and (4) identity of the quality or character of a person against whom the claim is made.

Little v. V & G Welding Supply, Inc., 704 So. 2d 1336, 1338 (Miss. 1997). "If these four identities are present, the parties will be prevented from relitigating all issues tried in the prior lawsuit, as well as matters which should have been litigated and decided in the prior suit." Hogan v. Buckingham, 730 So. 2d 15, 17 (Miss.

1998).

We find that the district court was correct in concluding that Gray's claims against defendants S. Lavon Evans, Jr. Operating Company, Inc., Murphy Oil USA, Inc., Denbury Management, Inc., and Arkansas Oil Company are barred by res judicata. Identity of the subject matter exists because both "Gray I" and "Gray II" involved the same tract of land owned, the same alleged contamination, and the same oil and gas operations. Identity of the cause of action exists because "there is a commonality in the 'underlying facts and circumstances upon which a claim is asserted and relief sought from the two actions.'" City of Jackson v. Lakeland Lounge of Jackson, Inc., 688 So. 3d 742, 749 (Miss. 1996). Identity of the parties and identity of character exist because in both suits these defendants were sued in their corporate capacity.

The district court was also correct in granting summary judgment in favor of Shell Oil Company. No genuine issue of material fact exists concerning Shell's liability.

Accordingly, we affirm the judgment of the district court. AFFIRMED